In the United States District Court
for the District of Nebraska

| | |
|---|---|
| Rusty Brittain, | |
| *On behalf of himself and others similarly situated*, | Case No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| ORC Holding Group, LLC; and Kristopher Copp; | Jury Demand Endorsed Hereon |
| Defendants. | |

## Class & Collective Action Complaint

1.      Rusty Brittain, on behalf of himself and all similarly-situated individuals, brings this action against ORC Holding Group, LLC and Kristopher Copp ("Defendant Copp") . Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), Nebraska Wage and Hour Act ("NWHA"), R.R.S. Neb. § 48-1201, *et seq.*, and Nebraska Wage Payment and Collection Act ("NWPCA") R.R.S. Neb. § 48-1228 *et seq.*

2.      Plaintiff brings this action on behalf of himself and similarly situated current and former delivery drivers who worked for Defendants at any point in the past three (3) years  and who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants. The members of the proposed FLSA Collective are referred to hereafter as the "Collective Members".

3.     Plaintiff further brings this action on behalf of himself and similarly situated current and former delivery drivers who worked for Defendants at any point in the past four (4) years within the State of Nebraska pursuant to R.R.S. Neb. §§ 48-1201 through 48-1228 and Fed. R. Civ P. 23. The Members of the proposed Nebraska Fed. R. Civ. P. 23 Class are referred to hereafter as the "Class Members".

## JURISDICTION AND VENUE

4.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA and Nebraska claims.

5.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants are headquartered in Omaha, Nebraska, and a substantial part of the events giving rise to the claim herein occurred in this district.

## PARTIES

6.     Plaintiff Rusty Brittain resides in Omaha, Nebraska.

7.     Plaintiff worked for Defendants' Copps Pizza Company restaurant located at 7204 Jones Street, Omaha, Nebraska 68114 from approximately January 1, 2020 through the approximately November 30, 2021.

8.     Plaintiff was an "employee" of all of the Defendants as defined by the FLSA and Nebraksa law.

9.     Plaintiff has given written consent to join this action, a copy of which is attached to this Complaint as "**Exhibit A**".

10.     Upon information and belief, Defendants own and operate a multiple Copps Pizza Company restaurants, including the Omaha location where Plaintiff works.

2

11.     Defendant ORC Holding Group, LLC. is a Missouri limited liability company, with its principal place of business at 16532 Meredith Avenue, Omaha, Nebraska, 68116.

12.     ORC Holding Group is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA and Nebraska Law.

13.     Upon information and belief, ORC Holding Group applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of Defendants' Copps Pizza Company locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

14.     At all relevant times, ORC Holding Group maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

15.     At all relevant times, ORC Holding Group has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

16.     ORC Holding Group's gross revenue exceeds $500,000 per year.

17.     Upon information and belief, Defendant Kristopher Copp is the President of and owner of ORC Holding Group.

18.     Defendant Copp is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA and Nebraska.

19.     Upon information and belief, Defendant Copp applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of Defendants' Copps Pizza Company locations, including policies, practices, and procedures

3

relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

20.     At all relevant times, Defendant Copp maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

### LEGAL STANDARDS APPLICABLE TO DEFENDANTS' EXPENSE REIMBURSEMENT VIOLATIONS

21.     The FLSA prohibits any "kickback" of job-related expenses which would cut into the minimum wage or overtime otherwise required to be paid under the Act. Specifically, 29 C.F.R. § 531.35 provides:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum or overtime wages** required to be paid him under the Act. (emphasis added).

22.     Pizza delivery drivers' vehicle expenses are "tools of the trade." "In the pizza delivery context, the cost associated with delivering food for an employer is a 'kickback' to the employer that must be fully reimbursed, lest a minimum wage violation be triggered." *Hatmaker v. PJ Ohio*, LLC, No. 3:17-cv-146, 2019 WL 5725043, at *3 (S.D. Ohio Nov. 5, 2019); *see also, e.g.*, *Benton v. Deli Management, Inc.*, 396 F.Supp.3d 1261, 1269-74 (N.D. Ga. Aug. 8, 2019) ("[Employer's] need for a vehicle is directly incidental to its business."); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 258 (S.D.N.Y. Oct. 21, 2008) ("there is substantial legal authority for the

4

proposition that mechanisms for transportation- typically motor vehicles-can be tools of the trade."); *Perrin v. Papa John's Int'l, Inc*., 114 F.Supp.3d 707, 729-30 (E.D. Mo. July 8, 2015) (denying summary judgment that fixed costs could be excluded from "tools of the trade").

23.     The relevant regulation governing such "kickbacks" does not define a methodology for calculating mileage rates or provide any other guidance as to how to determine or put a value on the expenses related to operating an automobile for work. *See* 29 C.F.R. § 531.35.

24.     In light of this ambiguity, Courts have adopted the methodology detailed in the Department of Labor's Field Operations Handbook. *See Hatmaker,* 2019 WL 5725043, at *6 (granting delivery drivers' motion for summary judgment); *see also Brandenburg v. Cousin Vinny's Pizza*, LLC, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018) (granting Rule 23 class certification); *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2019 WL 6310376, *1 (Nov. 25, 2019) (granting final approval of Rule 23 settlement and adopting DOL Handbook standard).

37.     Specifically, the DOL Handbook's rule is:

**30c15 Car expenses: employee's use of personal car on employer's business.** In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.

(a) As an enforcement policy, the IRS standard business mileage rate found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes. The IRS standard business mileage rate (currently 28 cents per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees. In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a prorate basis.

38.  **"**In the pizza delivery driver context, … determining and maintaining records of each

employee's actual expenses is a cumbersome task for the employer." *Hatmaker*, 2019 WL 5725043, *3. As a result, the Handbook standard "giv[es] employers a choice in order to ease their burden: either (1) keep records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Id.*

## LEGAL STANDARDS APPLICABLE TO DEFENDANTS' TIP CREDIT VIOLATIONS

39.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at least the applicable minimum wage. However, in order to take advantage of these wage provisions, the employer must meet certain strict notification requirements.

40.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

41.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

42.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour.

43.     Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit. In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

6

44.     Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

45.     Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

46.     Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

47.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[1] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

48.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

_____

[1] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

49.     The tip credit may also be applied to an employer's overtime obligations. *See* 29 C.F.R. § 531.60. "To illustrate how this works, an employee working overtime must be paid $10.88 per hour—one and one-half times $7.25." *E.g. Tom v. Hospitality Ventures LLC*, 980 F.3d 1027, 1033 (4th Cir. 2020). "The employer can still use the $5.12 tip credit but not more, meaning the hourly wage for overtime must be $5.76- $10.88 minus a $5.12 tip credit." *Id.*

50.     The FLSA defines a "tipped employee" as any employee *engaged in an occupation* in which he or she customarily and regularly receives not less than $30 a month in tips. 29 U.S.C. § 203(t)(emphasis added).

51.     Recognizing that tipped employees are often *engaged* in more than one *occupation*, one which customarily receives tips and one which customarily does not, the regulations provide that when such tipped employees are employed in "dual jobs" (one which customarily generates tips and one which customarily does not), the employer is not entitled to take the tip credit for time spent engaged in the non-tipped occupation. *See* 29 C.F.R. § 531.56.

52.     It is well settled in courts across the country that an employer is *not* permitted to take a tip credit against its minimum wage obligations (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs") or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See* FOH § 30(d)00(e). *See O'Neal v. Denn-Ohio, LLC*, Case No. 3:19-cv-00280, The FLSA defines a "tipped employee" as any employee *engaged in an occupation* in which he or she customarily and regularly receives not less than $30 a month in tips. 29 U.S.C. § 203(t) (emphasis added).

8

53.     In other words, an employer such as Defendant must pay the full minimum wage when either the Tipped Employee is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation or (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek.

54.     The FLSA defines a "tipped employee" as any employee *engaged in an occupation* in which he or she customarily and regularly receives not less than $30 a month in tips. 29 U.S.C. § 203(t)(emphasis added).

55.     It is well settled in courts across the country that an employer is *not* permitted to take a tip credit against its minimum wage obligations (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs") or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See* FOH § 30(d)00(e). *See O'Neal v. Denn-Ohio, LLC*, Case No. 3:19-cv-00280, 2020 U.S. Dist. LEXIS 5721 (N.D. Oh. Jan. 14, 2020); *see also Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020).

56.     Moreover, employers such as Defendants are not permitted to take a tip credit when and employee is performing non-tipped work for any continuous period of time that exceeds 30 minutes. *See* 29 C.F.R. § 531.56(f).

57.     In other words, employers such as Defendants must pay the full minimum wage when either the Tipped Employee is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation; (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek; or (iii) performing non-tipped work for any continuous period of time that exceeds 30 minutes.

9

58.     Additionally, courts have uniformly held that Nebraska's wage and hour law should be interpreted in accordance with the FLSA. *See e.g. Petrone v. Werner Enters..*, Case No. 8:12-cv-00307, 2013 U.S. Dist. LEXIS 96375 *12 (D. Nebraska, Jul 10, 2013) ("It is unlikely that the Nebraska legislature, in passing a bill to expand coverage to more of the state's employees, intended to craft a bill that offered less protection than the parallel federal statue on which it was based.").

## FACTS

59.     At all relevant times during his employment, Defendants paid Plaintiff an hourly wage of $6.00 regardless of whether he was making deliveries and earning tips or he was performing work inside of the restuarant.

60.     At all relevant times, Nebraska's minimum wage was and remains $9.00 per hour.

61.     At all relevant times, the federal minimum wage was and remains $7.25 per hour.

62.     At all relevant times, Defendants failed to pay Plaintiff, the Collective Members and the Class Members the legally required minimum wage and overtime wages because Defendants have failed to adequately reimburse them for their automobile expenses or other job-related expenses.

63.     Plaintiff, the Collective Members and the Class Members typically average approximately ten miles per round-trip delivery.

64.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

      a.     2019: 58 cents/mile
      b.     2020: 57.5 cents/mile
      c.     2021: 56 cents/mile
      d.     2022 (1st half): 58.5 cents/mile

10

     e.     2022 (2nd half): 62.5 cents/mile

65.     Prices for gasoline in 2022 have increased by more than 50% compared to what they were a calendar year ago in 2021. https://www.cnbc.com/2022/05/31/gas-prices-and-inflation-overtake-covid-as-top-travel-worry-.html (last visited Jul. 25, 2022)

66.     In recognition of this substantial inflation, the Internal Revenue Service has raised the standard mileage rate for the second half of 2022 to 62.5 cents per mile. *See* https://www.irs.gov/newsroom/irs-increases-mileage-rate-for-remainder-of-2022 (last visited Jul 25. 2022).

67.     Plaintiff, the Collective Members and the Class Members were required to purchase gasoline, oil and other fluids, vehicle parts, auto repair and maintenance parts and services, auto insurance, and cell phones/service for the benefit of Defendants.

68.     Plaintiff's, the Collective Members' and the Class Members' cars depreciated in value as a result of their work for Defendants.

69.     Defendants never attempted to track how much money Plaintiff, the Collective Members or the Class Members were paying out of pocket in order to make deliveries on Defendants' behalf.

70.     Defendants never required, requested or permitted Plaintiff, the Collective Members or the Class Members to record or report the expenditures she made for their cars, gasoline, and/or for other job-related expenses.

71.     At all relevant times in their work for Defendants, Plaintiff, the Collective Members and the Class Members received a flat delivery reimbursement amount of approximately $3.00 for

11

each delivery they completed. This reimbursement rate was the same no matter how many miles they drove.

72.     Plaintiff, the Collective Members and the Class members drove approximately 10 miles per delivery during their employment for Defendants.

73.     Thus, Defendants' average effective reimbursement rate for Plaintiff was approximately 30 cents per mile ($3.00 per delivery / 10 average miles per delivery).

74.     As a result of the automobile and other job-related expenses and deductions incurred by Plaintiff, the Collective Members and the Class Members, they were deprived of minimum wage and overtime wages guaranteed to them by the FLSA, NWHA and NWPCA.

75.     Defendants likewise have a company policy of failing to ensure that Plaintiff, the Collective Members and the Class Members were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

76.     Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that their cash wage had to be at least $2.13 per hour under federal and Nebraska.

77.     Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that the amount of the tip credit could never exceed $6.87 hour under state law.

78.     Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that they must the amount of tips they received plus their hourly wage must equal at least $9.00 per hour under state law.

79.     Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that all tips received must be retained by them except for in a valid tip pooling arrangement.

80.     In fact, by requiring Plaintiff, the Collective Members and the Class Members to pay for all vehicle and delivery-related expenses as detailed herein, Defendants did not permit Plaintiff, the Collective Members and the Class Members to retain all tips received.

81.     Despite taking a tip credit against Plaintiff's, the Collective Members' and the Class Members' wages, Defendants failed to inform them that no tip credit could be taken if they were not informed of the of the tip credit requirements of the FLSA and state law.

82.     Defendants further violated the tip credit provisions of the FLSA and state law by paying Plaintiff, the Collective Members and the Class Members at a tip credit rate at all times. This included times when Plaintiff, the Collective Members and the Class Members were not making deliveries and earning tips but were instead performing in-store tasks such as making pizzas, working the oven, washing dishes, folding boxes, breaking down and cleaning the expo line, breaking down and cleaning various stations throughout the store, cleaning and performing janitorial work throughout the store, unloading truck shipments, and managing inventory throughout the store.

83.     The amount of non-tipped work that Defendants suffered or permitted Plaintiff, the Collective Members and the Class Members exceeded 20% of their in any given workweek and these tasks often exceeded thirty continuous minutes.

84.     Defendants were aware or should have been aware of the minimum wage and overtime requirements of the FLSA and state law.

85.     By failing to adequately reimburse Plaintiff, the Collective Members and the Class Members for job-related expenses as described herein, Defendants have willfully violated the minimum wage and overtime provisions of the FLSA, NWHA and NWPCA.

86.     By failing to adhere to the tip credit requirements of the FLSA and state law, but nonetheless taking a tip credit against Plaintiff's, the Collective Members' the Class Members' wages, Defendants willfully violated the minimum wage and overtime provisions of the FLSA, NWHA and NWPCA.

87.     By suffering or permitting Plaintiff, the Collective Members and the Class Members to perform non-tipped work in excess of 20% of any given workweek and for periods of time greater than thirty continuous minutes, Defendants willfully violated the minimum wage and overtime provisions of the FLSA, NWHA and NWPCA.

## COLLECTIVE ACTION ALLEGATIONS

88.     Plaintiff brings the First, Second and Third Counts of this Complaint on behalf of the following individuals:

> All current and former delivery drivers employed at any of Defendants' Copps Pizza Company locations nationwide at any point during the three years prior to the filing of this Complaint and the date of final judgment in this matter, who elect to opt-in to this action.

89.     At all relevant times, Plaintiff and the Collective Members have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the Collective Members minimum wage and overtime for all hours worked.  Plaintiff's claims are essentially the same as those of the FLSA Collectives.

14

90.     Defendants' unlawful conduct is pursuant to an enterprise wide policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the Collective Members.

91.     Defendants are aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

92.     Defendants are aware or should have been aware that federal law prohibited them from taking "kickbacks" from the wages of delivery drivers.

93.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

94.     This action is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

95.     The Collective Members are readily identifiable and ascertainable.

## CLASS ACTION ALLEGATIONS

96.     Plaintiff brings the Fourth, Fifth and Sixth Causes of Action under Federal Rule of Civil Procedure Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former delivery drivers employed at any of Defendants' Copps Pizza Company locations in the State of Nebraska between the date four years prior to the filing of the original complaint and the date of final judgment in this matter.

97.     Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

98.     The number and identity of the Class Members are ascertainable from Defendants' records.

99.    The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Class Member are determinable from Defendants' records.

100.    For the purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

101.    Notice can be provided by means permissible under Rule 23.

102.    The Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

103.    There are more than 50 Rule 23 Class members.

104.    Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

105.    Plaintiff and the Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the NWHA and NWPCA.

106.    Plaintiff and the Class Members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

107.    Plaintiff is able to fairly and adequately protect the interests of the Class Members and has no interests antagonistic to the Class Members.

108.    Plaintiff is represented by counsel who is experienced and competent in both class action litigation and employment litigation.

109.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of low wage employees where individual class members lack the financial resources to vigorously

16

prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

110.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

111.    Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting Plaintiff and the Class Members individually and include, but are not limited to:

a)   Whether Plaintiff and the Class Members were subject to a common policy that resulted in delivery drivers not being adequately reimbursed for all vehicle and delivery related expenses incurred in their work for Defendants;

b)   Whether Defendants failed to inform Plaintiff and the Class Members of the requirements incumbent upon Defendants prior to taking a tip credit against Plaintiff's and Class Members' wages as required by law; and

c)   Whether Defendants suffered or permitted Plaintiff and the Class Members to perform non-tipped work in excess of 20% of any given workweek or for more than thirty continuous minutes.

112.     In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION

### Count One
**Fair Labor Standards Act – Vehicle and Delivery Related Expenses**

17

**On behalf of Plaintiff and Collective Members**

113.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

114.    Plaintiff and the Collective Members are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

115.    The minimum wage requirements of the FLSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum <u>or</u> overtime wages**. 29 C.F.R. § 531.35 (emphasis added).

116.    It is well established that, in the pizza delivery context, employers have two options to comply with the minimum wage directives of the FLSA: either (1) keep records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Hatmaker*, 2019 WL 5725043, *3 citing DOL Field Operations Handbook 30c15.

117.    At all relevant times, Plaintiff and the Collective Members were required to provide their own vehicle to deliver Defendants' pizzas and related food products and beverages.

118.    At all relevant times, Defendants never kept track of the actual vehicle related expenses incurred by Plaintiff and the Collective Members.

18

119.    At all relevant times, Defendants suffered or permitted Plaintiff and the Collective Members to receive a flat rate per delivery reimbursement of approximately $3.00 per delivery which equated to approximately 30 cents per mile.

120.    At all relevant times, Defendants did so while also suffering or permitting Plaintiff and the Collective Members to work more than forty hours in a given workweek.

121.    As a result of the forgoing actions, Defendants have violated the minimum wage and overtime provisions of the FLSA.

122.    Defendants are or should have been aware of the minimum wage and overtime requirements of the FLSA.

123.    Defendants have willfully violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

124.    Plaintiff and the Collective Members have been damaged by Defendants' willful failure to pay minimum wage and overtime as required by law.

125.    As a result of Defendants' violations of the FLSA, Plaintiff and the Delivery Expenses Collective, are entitled to all unpaid minimum wages and overtime wages to be proven at trial, an additional amount equal to all such unpaid wages as liquidated damages, reasonable attorneys' fees, and costs.

<u>**Count Two**</u>
**Fair Labor Standards Act – Tip Credit Notice**
**On behalf of Plaintiff and the Collective Members**

126.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

127.    Under the FLSA, and must notify the employee (1) of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour; (2) that the amount the employer is claiming as a tip credit which the cannot exceed $5.12 per hour; (3) that the tip credit claimed cannot exceed the actual amount of tips received by the employee; (4) that that all tips received are to be retained by the employee except for a valid tip pooling arrangement; and (5) that the tip credit will not apply unless the employee has been informed of these provisions.

128.    At all relevant times, Defendants failed to ensure that Plaintiff and the Collective Members were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

129.    Moreover, by making Plaintiff and the Collective Members pay for job-related expenses as described herein, Defendants did not ensure that Plaintiff and Collective Members retain all of their tips, thereby forfeiting Defendants' ability to take a tip credit against Plaintiff's and the Collective Members' wages.

130.    As such, Defendants have violated the minimum wage and overtime requirements of the FLSA.

131.    Defendants were, or should have been aware, of the minimum wage requirements of the FLSA. As such, Defendants violation of the FLSA as describe herein was willful.

132.    As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Members, are entitled to all unpaid wages to be proven at trial, an additional amount equal to all such unpaid wages as liquidated damages, reasonable attorneys' fees, and costs.

## <u>Count Three</u>
### Fair Labor Standards Act – Non-tipped Labor

20

**On behalf of Plaintiff and the Collective Members**

133.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

134.     Under the FLSA, An employer is *not* permitted to take a tip credit against its minimum wage obligations (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs") or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *E.g. Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020).

135.     In other words, employers such as Defendants must pay the full minimum wage when either the Tipped Employee is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation or (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek. *E.g. Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020). Moreover, an employer such as Defendants is not permitted to take a tip credit when and employee is performing non-tipped work for any continuous period of time that exceeds 30 minutes. *See* 29 C.F.R. § 531.56(f).

136.     In other words, employers such as Defendants must pay the full minimum wage when either the Tipped Employee is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation; (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek; or (iii) performing non-tipped work for any continuous period of time that exceeds 30 minutes.

21

137.    Defendants violated the tip credit provisions of the FLSA by paying Plaintiff and the Collective Members at a tip credit rate at all times. This included times when Plaintiff and the Collective Members were not making deliveries and earning tips but were instead performing in-store tasks such as making pizzas, working the oven, washing dishes, folding boxes, breaking down and cleaning the expo line, breaking down and cleaning various stations throughout the store, cleaning and performing janitorial work throughout the store, unloading truck shipments, and managing inventory throughout the store.

138.    The amount of non-tipped work that Defendants suffered or permitted Plaintiff and the Collective Members exceeded 20% of their in any given workweek and these tasks often exceeded thirty continuous minutes.

139.    Defendants were, or should have been aware, of the minimum wage requirements of the FLSA. As such, Defendants violation of the FLSA as describe herein was willful.

140.    As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Members, are entitled to all unpaid wages to be proven at trial, an additional amount equal to two times the amount all such unpaid overtime wages as statutory damages, reasonable attorneys' fees, and costs.

**<u>Count Four</u>**
**NWHA and NWPCA – Vehicle and Delivery Related Expenses**
**On behalf of Plaintiff and the Class Members**

141.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

142.    Plaintiff and the Class Members are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

143.    Courts have uniformly held that Nebraska's wage and hour law should be interpreted in accordance with the FLSA. *See e.g. Petrone v. Werner Enters.*, Case No. 8:12-cv-00307, 2013 U.S. Dist. LEXIS 96375 *12 (D. Nebraska, Jul 10, 2013) ("It is unlikely that the Nebraska legislature, in passing a bill to expand coverage to more of the state's employees, intended to craft a bill that offered less protection than the parallel federal statue on which it was based.").

144.    The minimum wage and overtime requirements of Nebraska law will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum <u>or</u> overtime wages**. 29 C.F.R. § 531.35 (emphasis added).

145.    It is well established that, in the pizza delivery context, employers have two options to comply with the minimum wage and overtime wage directives of Nebraska law: either (1) keep records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Hatmaker*, 2019 WL 5725043, *3 citing DOL Field Operations Handbook 30c15.

146.    At all relevant times, Plaintiff and the Class Members were required to provide their own vehicle to deliver Defendants' pizzas and related food products and beverages.

147.    At all relevant times, Defendants never kept track of the actual vehicle related expenses incurred by Plaintiff and the Class Members.

23

148.    At all relevant times, Defendants paid Plaintiff and the Class Members a flat rate per delivery reimbursement of approximately $3.00 per delivery which equates to approximately 30 cents per mile.

149.    At all relevant times, Defendants did so while also suffering or permitting Plaintiff and the Class Members to work more than forty hours in a given workweek.

150.    Defendants were, or should have been aware, of the minimum wage and overtime requirements of Nebraska law. As such, Defendants violation of the NWHA and NWPCA as describe herein was willful.

151.    As a result of Defendants' violations of the NWHA and NWPCA, Plaintiff and the Class Members are entitled to all unpaid  wages to be proven at trial, an additional amount equal to twice the amount of all such unpaid overtime wages as statutory damages, reasonable attorneys' fees, and costs.

## Count Five
### NWHA and NWPCA – Tip Credit Notice
### On behalf of Plaintiff and the Class Members

152.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

153.    Courts have uniformly held that Nebraska's wage and hour law should be interpreted in accordance with the FLSA. *See e.g. Petrone v. Werner Enters.*, Case No. 8:12-cv-00307, 2013 U.S. Dist. LEXIS 96375 *12 (D. Nebraska, Jul 10, 2013) ("It is unlikely that the Nebraska legislature, in passing a bill to expand coverage to more of the state's employees, intended to craft a bill that offered less protection than the parallel federal statue on which it was based.").

154.    As such, an employer in Nebraska must notify the employee (1) of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour; (2) that the amount the employer is claiming as a tip credit which the cannot exceed $6.87 per hour; (3) that the tip credit claimed cannot exceed the actual amount of tips received by the employee; (4) that that all tips received are to be retained by the employee except for a valid tip pooling arrangement; and (5) that the tip credit will not apply unless the employee has been informed of these provisions.

155.    At all relevant times, Defendants failed to ensure that Plaintiff and the Class Menbers were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

156.    Moreover, by making Plaintiff and the Class Members pay for job-related expenses as described herein, Defendants did not ensure that Plaintiff and Class Members retain all of their tips, thereby forfeiting Defendants' ability to take a tip credit against Plaintiff and the Class Members' wages.

157.    Defendants were, or should have been aware, of the minimum wage and overtime requirements of Nebraska law. As such, Defendants violation of the NWHA and NWPCA as describe herein was willful.

158.    As a result of Defendants' violations of the NWHA and NWPCA, Plaintiff and the Class Members are entitled to all unpaid wages to be proven at trial, an additional amount equal to twice the amount of all such unpaid wages as statutory damages, reasonable attorneys' fees, and costs.

**Count Six**
**NWHA and NWPCA – Non-tipped Labor**
**On behalf of Plaintiff and the Class Members**

159.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

160.    Courts have uniformly held that Nebraska's wage and hour law should be interpreted in accordance with the FLSA. *See e.g. Petrone v. Werner Enters.*, Case No. 8:12-cv-00307, 2013 U.S. Dist. LEXIS 96375 *12 (D. Nebraska, Jul 10, 2013) ("It is unlikely that the Nebraska legislature, in passing a bill to expand coverage to more of the state's employees, intended to craft a bill that offered less protection than the parallel federal statue on which it was based.").

161.    An employer in Nebraska is *not* permitted to take a tip credit against its minimum wage obligations (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs") or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *E.g. Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020).

162.    In other words, employers such as Defendants must pay the full minimum wage when either the Tipped Employee is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation or (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek. *E.g. Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020). Moreover, employers such as Defendants are not permitted to take a tip

credit when and employee is performing non-tipped work for any continuous period of time that exceeds 30 minutes. *See* 29 C.F.R. § 531.56(f).

163.     In other words, employers such as Defendants must pay the full minimum wage when either the Tipped Employee is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation; (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek; or performing non-tipped work for any continuous period of time that exceeds 30 minutes.

164.     Defendants violated the tip credit provisions of the NWHA and NWPCA by paying Plaintiff and the Class Members at a tip credit rate at all times. This included times when Plaintiff and the Class Members were not making deliveries and earning tips but were instead performing in-store tasks such as making pizzas, working the oven, washing dishes, folding boxes, breaking down and cleaning the expo line, breaking down and cleaning various stations throughout the store, cleaning and performing janitorial work throughout the store, unloading truck shipments, and managing inventory throughout the store.

165.     The amount of non-tipped work that Defendants suffered or permitted Plaintiff and the Class Members exceeded 20% of their in any given workweek and these tasks often exceeded thirty continuous minutes.

166.     Defendants were, or should have been aware, of the minimum wage and overtime requirements of Nebraska law. As such, Defendants violation of the NWHA and NWPCA as describe herein was willful.

167.     As a result of Defendants' violations of the NWHA and NWPCA, Plaintiff and the Class Members, are entitled to all unpaid wages to be proven at trial, an additional amount equal

to two times the amount all such unpaid overtime wages as statutory damages, reasonable attorneys' fees, and costs.

      A.     Designation of this action as a collective action on behalf of Collective Members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

      B.     Unpaid minimum and overtime wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

      C.     Unpaid minimum and overtime wages, reimbursement of expenses, and an amount equal to twice that amount as statutory damages pursuant to the NWHA and NWPCA;

      D.     An award of prejudgment and post-judgment interest.

      E.     An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

      F.     A service award to Plaintiff in recognition of his efforts on behalf of the Collective Members and Class Members.

      G.     Such other legal and equitable relief as the Court deems appropriate.

      Respectfully submitted,

      /s/    *James L. Simon*
James L. Simon
Law Offices of Simon & Simon
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, Ohio
Phone: (216) 525-8890
Email: james@simonsayspay.com

28

/s/    *Michael L. Fradin*
Michael L. Fradin (*application for admission
forthcoming*)
The Law Office of Michael L. Fradin
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Phone: 847-644-3425
Fax: 847-673-1228
Email: mike@fradinlaw.com

*Counsel for Plaintiff and the Putative Collective*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/    *James L. Simon*